IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and | § | |
| THE STATE OF TEXAS, *ex rel.* | § | |
| THOMAS HEADEN III, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:18-cv-00773 |
| | § | JURY DEMANDED |
| ABUNDANT LIFE THERAPEUTIC | § | |
| SERVICES TEXAS, LLC and | § | |
| JOHN DOES (1–50) INCLUSIVE, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT ABUNDANT LIFE THERAPEUTIC SERVICES TEXAS, LLC'S
<u>MOTION TO DISMISS</u>**

# TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................................................... ii

TABLE OF AUTHORITIES ............................................................................................... iii

I.       Preliminary Statement.............................................................................................. 1

II.      Procedural and Factual Background ........................................................................ 1

    A.   Procedural History .......................................................................................... 1

    B.   Headen's Allegations ..................................................................................... 2

III.    Statement of the Issues............................................................................................. 2

IV.    Summary of the Argument ....................................................................................... 3

V.      Argument ................................................................................................................. 4

    A.   Rules 12(b)(6), 9(b) and the FCA Pleading Standards ................................. 4

    B.   Headen's Section 3729(a)(1)(A) Claim Does Not Meet Rule 9(b) or Rule 12(b)(6)'s Pleading Standards ........................................................................ 5

        1.   Headen's Assertions that Abundant Life Violated the AKS Are Conclusory, Failing to Meet Rule 9(b) and Rule 12(b)(6) Pleading Standards...................................... 6

        2.   Headen Fails to Allege a Direct False Claim Under the FCA ................................... 8

        3.   FCA Liability Cannot Be Predicated on the Corporate Practice of Medicine ........... 9

    C.   Headen's Section 3729(a)(1)(B) False Record or Statement Claim Fails to Meet Rule 9(b) and Rule 12(b)(6)'s Pleading Standards .................................................. 10

    D.   Headen's Section 3729(a)(1)(C) Conspiracy Claim Fails to Meet Rule 9(b) and Rule 12(b)(6) Pleading Standards ...................................................... 11

    E.   Headen Cannot Sue Abundant Life Under the AKS Alone ...................................... 11

    F.   Headen Fails to State a Claim Under the Texas Medicaid Fraud Prevention Act..... 12

VI.    Conclusion ............................................................................................................. 13

CERTIFICATE OF SERVICE .......................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................. 4, 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)................................................... 4, 8

*Ferrer v. Chevron Corp.*, 484 F.3d 776 (5th Cir. 2007) ............................................. 4

*Gregory G. v. Houston Indep. Sch. Dist.*, No. H-14-2768, 2016 WL 5661701 (S.D. Tex. Sept. 30, 2016) ............................................................................................. 9

*Gupta v. E. Idaho Tumor Inst., Inc.*, 140 S.W.3d 747 (Tex. App.—Houston [14th Dist.] 2004, pet. denied)......................................................................................... 9

*Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464 (5th Cir. 2004) ............... 4

*Plotkin v. IP Axess Inc.*, 407 F.3d 690 (5th Cir. 2005) ............................................. 4

*U.S. ex rel. Nunnally v. W. Calcasieu Cameron Hosp.*, 519 F. App'x 890 (5th Cir. 2013) (per curiam) ........................................................................................... 6

*United States ex rel. Bennett v. Medtronic, Inc.*, 747 F. Supp. 2d 745 (S.D. Tex. 2010) ............... 5

*United States ex rel. Gage v. Davis S.R. Aviation, L.L.C.*, 623 F. App'x 622 (5th Cir. 2015) ........ 9

*United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180 (5th Cir. 2009)......................... 5, 10, 11

*United States ex rel. King v. Solvay Pharms, Inc.*, 871 F.3d 318 (5th Cir. 2017) (per curiam) .... 11

*United States ex rel. Longhi v. United States*, 575 F.3d 458 (5th Cir. 2009) ......................... 8

*United States ex rel. Parikh v. Citizens Med. Ctr.*, 977 F. Supp. 2d 654 (S.D. Tex. 2013)4, 6, 9, 10

*United States ex rel. Patel v. Catholic Health Initiatives*, 312 F. Supp. 3d 584 (S.D. Tex. 2018). 6, 7, 8

*United States ex rel. Rafizadeh v. Cont'l Common, Inc.*, 553 F.3d 869 (5th Cir. 2008) ........... 5, 11

*United States ex rel. Ruscher v. Omnicare, Inc.*, No. 4:08-cv-3396, 2014 WL 2618158 (S.D. Tex. June 12, 2014)................................................................................... 7, 8

*United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262 (5th Cir. 2010).................... 10

*United States ex rel. Steury v. Cardinal Health, Inc.*, 735 F.3d 202 (5th Cir. 2013) (per curiam). 4, 5, 13

*United States v. Davis*, 132 F.3d 1092 (5th Cir. 1998)................................................... 6

**Statutes**

31 U.S.C. § 3729................................................................................... passim

42 U.S.C. § 1320a–7b ............................................................................. 1, 2, 6

Tex. Hum. Res. Code § 36.002 ...................................................................... 2, 12

Tex. Occ. Code § 155.001 ............................................................................... 9

Tex. Occ. Code § 165.156 ............................................................................... 9

**Rules**

Fed. R. Civ. P. 12(b)(6) ........................................................................... passim

Fed. R. Civ. P. 9(b)................................................................................ passim

Defendant Abundant Life Therapeutic Services Texas, LLC ("Abundant Life") files this Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) as follows:

## I.   PRELIMINARY STATEMENT

This *qui tam* suit fails to describe any colorable claims. It arises out of the same dispute underlying a pending state court suit involving the same plaintiff and the same defendant. The *qui tam* complaint is impermissibly vague, conclusory, and fails to identify any of the alleged false claims or kickback schemes on which it is based. It contains none of the detail required of a *qui tam* action: no description of who, what, when, where—or even of a single improper payment. Out of 43 numbered paragraphs, only 8 even mention the parties; the rest are boilerplate recitations describing various federal programs which the relator, in his own words, "feels" have been violated. The Complaint fails to meet the minimum standards set by Rules 12(b)(6) and 9(b) and should be dismissed.

## II.   PROCEDURAL AND FACTUAL BACKGROUND

### A. PROCEDURAL HISTORY

Relator Thomas Headen, III ("Headen") filed this *qui tam* suit against Abundant Life under seal on March 12, 2018, alleging violations of the False Claims Act, 31 U.S.C. § 3729 *et seq.* ("FCA"), and the Anti-Kickback Statute, 42 U.S.C. § 1320a–7b(b) ("AKS"). Compl. at 1, Docket No. 1. On May 31, 2018, the United States notified the Court of its decision not to intervene. Notice at 1, Docket No. 6. The Office of the Texas Attorney General joined in the declination. *Id.* On June 14, 2018, the Court ordered that the Complaint be unsealed and served on Abundant Life. Order at 1, Docket No. 7. By agreement of the parties, Abundant Life's response to the Complaint is due on August 23, 2018.

### B.  HEADEN'S ALLEGATIONS

Headen alleges that he worked as a consultant for Abundant Life from April 2017 through February 20, 2018. Compl. ¶ 5. He makes the vague allegation that he "engaged in conversations with the members of Abundant Life Therapeutic Services Texas concerning various internal issues" and that its Members and Managers often asked that he "be the conduit of communication when internal disputes arose." *Id.* Headen alleges that, through his conversations with the members and managers of Abundant Life, he "became intimately familiar with the payor mix" and "was made aware of patient payors, personal services contracts with licensed physicians, dates of submissions, amount of submissions, and the basis for the same." *Id.*

The Complaint appears to allege three types of wrongful conduct: (a) illegal kickbacks to "marketing agents," "schools and other entities," and physicians; (b) false or fraudulent claims for "non-medically essential transportation"; and (c) provision of office space and bonuses to physicians in violation of Texas' ban on the corporate practice of medicine. Compl. ¶¶ 5, 13–14, 16–18.

The Complaint contains five counts alleging (i) violations of the FCA's direct false claim provision, 31 U.S.C. § 3729(a)(1)(A), (ii) violations of the FCA's false record or statement provision, 31 U.S.C. § 3729(a)(1)(B), (iii) conspiracy to violate the FCA, 31 U.S.C. § 3729(a)(1)(C), (iv) violations of the AKS, 42 U.S.C. § 1320a–7b(b), and (v) violations of the Texas Medicaid Fraud Prevention Act, Tex. Hum. Res. Code § 36.002.

### III.    STATEMENT OF THE ISSUES

1. Whether the allegations in the Complaint based on Abundant Life's alleged violations of the Anti-Kickback Statute, §§ 3729(a)(1)(A)–(C) of the False Claims Act, and the Texas Medicaid Fraud Prevention Act fail as a matter of law to state a claim and,

therefore, should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6); and

2.   Whether the Complaint should be dismissed under Federal Rule of Civil Procedure 9(b) because it fails to plead fraud under the False Claims Act, the Anti-Kickback Statute, and the Texas Medicaid Fraud Prevention Act with the requisite particularity.

## IV.   SUMMARY OF THE ARGUMENT

Abundant Life moves to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) for the following reasons:

First, the Complaint fails to assert a viable claim for relief under the False Claims Act based on any purported violations of the criminal Anti-Kickback Statute because it fails to advance sufficient facts to allege with particularity either an "actually submitted false claim" or "particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted." Among other deficiencies, the Complaint fails to show how any of the allegedly improper remuneration relates to the inducement of referrals, therefore making it plausible that Abundant Life specifically intended to violate the Anti-Kickback Statute.

Second, the Complaint appears to assert a claim under the False Claims Act based on Texas's ban on the corporate practice of medicine, though it cites no authority supporting this theory. It cites no authority because there is none: this cause of action does not exist.

Third, The Complaint purports to assert a stand-alone claim under the Anti-Kickback Statute. No such private cause of action exists.

Fourth, the Complaint fails to assert a viable claim for relief under the Texas Medicaid Fraud Prevention Act because it fails to provide any factual basis for the claim.

## V. ARGUMENT

### A. RULES 12(B)(6), 9(B) AND THE FCA PLEADING STANDARDS

A motion under Rule 12(b)(6) challenges the legal sufficiency of the complaint. To survive dismissal under Rule 12(b)(6), a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this facial plausibility standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although not a probability requirement, the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Allegations that are "merely consistent with" liability "stop[] short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

For purposes of a motion to dismiss, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *United States ex rel. Parikh v. Citizens Med. Ctr.*, 977 F. Supp. 2d 654, 661 (S.D. Tex. 2013) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). But a court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557.)

"'[C]laims brought under the FCA must comply with the particularity requirements of Rule 9(b)' for claims of fraud." *United States ex rel. Steury v. Cardinal Health, Inc.*, 735 F.3d 202, 204 (5th Cir. 2013) (per curiam) ("*Steury II*") . Rule 9(b) requires a plaintiff alleging fraud to "state

4

with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). At a minimum, a plaintiff must "set forth the who, what, when, where, and how of the alleged fraud." *Steury II*, 735 F.3d at 204. "Because the linchpin of an FCA claim is a false claim, 'the "time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby" must be stated in a complaint alleging violation of the FCA in order to satisfy Rule 9(b).'" *United States ex rel. Rafizadeh v. Cont'l Common, Inc.*, 553 F.3d 869, 873 (5th Cir. 2008). A complaint alleging violations of the FCA that "cannot allege the details of an actually submitted false claim may nevertheless survive by alleging particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted." *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009). This requires that the relator "allege facts linking a scheme to submit false claims to the submission of false claims." *United States ex rel. Bennett v. Medtronic, Inc.*, 747 F. Supp. 2d 745, 767 (S.D. Tex. 2010).

**B. HEADEN'S SECTION 3729(A)(1)(A) CLAIM DOES NOT MEET RULE 9(B) OR RULE 12(B)(6)'S PLEADING STANDARDS**

Section 3729(a)(1)(A) states that "any person who knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval . . . is liable to the United States Government." 31 U.S.C. § 3729(a)(1)(A). "To plead a false claim successfully under this section, a plaintiff must state the factual basis for the fraudulent claim with particularity and cannot rely on speculation or conclusory allegations." *Rafizadeh*, 553 F.3d at 873. Headen's generic descriptions of federal laws and conclusory allegations do not meet this burden. He has failed to either identify any specific false claims that were actually submitted to the Government or allege particular details of a scheme to submit false claims and reliable indicia that lead to a strong

inference that false claims were actually submitted to the Government. *See Grubbs*, 565 F.3d at 190.

    1.  **HEADEN'S ASSERTIONS THAT ABUNDANT LIFE VIOLATED THE AKS ARE CONCLUSORY, FAILING TO MEET RULE 9(B) AND RULE 12(B)(6) PLEADING STANDARDS**

Any claim for items or services resulting from a violation of the AKS is a false or fraudulent claim for purposes of the FCA. 42 U.S.C. § 1320a–7b(g). The AKS is a criminal statute prohibiting the knowing and willful offer or payment of any remuneration to a person to induce that person to refer an individual for items or services that may be paid for by a federal health care program. 42 U.S.C. § 1320a–7b(b)(2)(A). In the context of the AKS:

> the Fifth Circuit has approved jury instructions that define "knowingly" as "mean[ing] that the act was done voluntarily and intentionally, not because of mistake or accident," and "willfully" as "mean[ing] that the act was committed voluntarily and purposely with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law."

*United States ex rel. Patel v. Catholic Health Initiatives*, 312 F. Supp. 3d 584, 594 (S.D. Tex. 2018) (quoting *United States v. Davis*, 132 F.3d 1092, 1094 (5th Cir. 1998)). In a *qui tam* complaint, the elements of the AKS must be pleaded with particularity pursuant to Rule 9(b). *U.S. ex rel. Nunnally v. W. Calcasieu Cameron Hosp.*, 519 F. App'x 890, 894 (5th Cir. 2013) (per curiam). This includes plausible allegations of a defendant's "specific intent to do something the law forbids." *Patel*, 312 F. Supp. 3d at 596.

In *Parikh*, when the relator "allege[d] two specific instances in which the hospitalists or their assistants made referrals in exchange for improper benefits," but "d[id] not provide specific details explaining how the hospitalists [were] engaged in a scheme that violates the AKS . . . and thus the FCA," the court found the allegations insufficient under Rule 9(b). 977 F. Supp. 2d at 671. Headen does not even allege that much, rendering his Complaint defective.

Instead, as in *Nunnally*, Headen's "complaint merely offers sweeping and conclusory allegations . . . without a shred of particularity." 519 F. App'x at 894. There, the Fifth Circuit explained that the relator's allegations provided no information regarding who in particular was involved in the kickbacks. *Id.* The Complaint here does not allege any particulars regarding the recipients of the kickbacks at the "several schools and other entities located in the Houston area" other than a "Houston area school, Blackshear Elementary." *See* Compl. ¶¶ 16–17. It does not allege that Blackshear Elementary is part of the Houston Independent School District ("HISD")— the source of the allegedly wrongful referrals—who at Abundant Life caused donations of school uniforms and educational materials to be made, who at Blackshear Elementary received them, how those donations violated the AKS, or what the connection between them and Abundant Life's business is alleged to be. *See* Compl. ¶¶ 16–17.

"To allege the particulars of a scheme to offer kickbacks," a relator must allege "how and why [the defendant] believed that remuneration would induce" a referral as well as the persons or components of the defendant organization involved in the kickbacks. *United States ex rel. Ruscher v. Omnicare, Inc.*, No. 4:08-cv-3396, 2014 WL 2618158, at *10 (S.D. Tex. June 12, 2014). Headen does not describe how or why Abundant Life or any particular person at Abundant Life believed that a charitable donation of clothing and educational material to an elementary school would or did induce over $1 million worth of referrals from HISD. *See* Compl. ¶¶ 16–17. Headen does not allege who at HISD executed the contract with Abundant Life or that person's connection to the recipient of the alleged kickbacks at Blackshear Elementary. He fails to describe how "the improper remuneration clearly relates to the inducement of referrals, making it plausible that [Abundant Life] specifically intended to do something the law forbids." *Patel*, 312 F. Supp. 3d at 599 (emphasis added).

7

Headen alleges that Abundant Life provides free "skills-building" services to Houston-area schools in exchange for referrals of their students for services paid for by a Federal health care program. Compl. ¶ 13. Headen also appears to allege that Abundant Life provided "free office space and bonuses" to physicians in violation of the AKS. Compl. ¶ 18. He fails to state a claim for relief in both instances because he does not even attempt to describe who at Abundant Life was allegedly involved, how and why Abundant Life believed the remuneration would induce referrals, or when it was paid. *See Ruscher*, 2014 WL 2618158, at *10. Headen's "'naked assertion[s]' devoid of 'further factual enhancement'" are insufficient under Rule 12(b)(6). *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557.)

To the extent the Complaint alleges violations of the AKS associated with Abundant Life's alleged hiring of "independent contractors as marketing agents to generate referrals," it is unintelligible. *See* Compl. ¶ 5. The sentence purporting to allege "specifics" is so vague and confusing that Abundant Life cannot discern what scheme it is attempting to describe. *See id.* It alleges no particulars and does not identify who was involved in the alleged kickback scheme, what form the alleged kickbacks took, how they were made, or when the alleged scheme took place. *See Ruscher*, 2014 WL 2618158, at *10. Nowhere does the Complaint describe how the alleged kickbacks relate to the inducement of referrals, i.e., Abundant Life's specific intent to break the law. *See Patel*, 312 F. Supp. 3d at 599.

## 2.  HEADEN FAILS TO ALLEGE A DIRECT FALSE CLAIM UNDER THE FCA

To state a claim under the FCA, a relator must allege:

(1) . . . a false statement or fraudulent course of conduct; (2) made or carried out with the requisite scienter; (3) that was material; and (4) that caused the government to pay out money or to forfeit moneys due (i.e., that involved a claim).

*United States ex rel. Longhi v. United States*, 575 F.3d 458, 467 (5th Cir. 2009) (citation omitted). Headen alleges that Abundant Life "knowingly employ[s] independent contractors who bill federal payors, including Medicaid for non-medically essential transportation . . . in contravention of Medicaid guidelines." Compl. ¶ 18. To the extent this single conclusory sentence purports to allege a false claim under § 3729(a)(1)(A), it provides no factual basis. *See Gregory G. v. Houston Indep. Sch. Dist.*, No. H-14-2768, 2016 WL 5661701, at \*4 (S.D. Tex. Sept. 30, 2016) ("[T]he court finds that 'medically unnecessary' is a conclusory statement rather than a factual basis for the 'what' and 'how' of the 9(b) pleading.")

The Complaint does not plead with particularity *what* was false about the "bills" to Medicaid or *how* they were false, as required under Rule 9(b). *See United States ex rel. Gage v. Davis S.R. Aviation, L.L.C.*, 623 F. App'x 622, 625 (5th Cir. 2015). Headen's conclusory allegation that the transportation was "non-medically essential" does not describe a cause of action.  It fails to identify any Medicaid guidelines or describe with particularity *how* they were violated. *See id.* at 626–27. It does not identify *who* was involved, i.e., any of the independent contractors or anyone at Abundant Life who approved or even knew of the allegedly false claims. It does not describe with particularity *when* the false claims were allegedly submitted. *See id.* at 627. "By not alleging with particularity the *who*, *what*, *when*, *where*, and *how* of the alleged fraudulent scheme," Headen "has failed to comply with Rule 9(b)." *Id.* at 628.

### 3. FCA LIABILITY CANNOT BE PREDICATED ON THE CORPORATE PRACTICE OF MEDICINE

Under the Medical Practice Act, only a person licensed by the state may practice medicine in Texas. Tex. Occ. Code § 155.001. A corporation commits an offense under the Act if it indicates that it is entitled to practice medicine if it is not licensed to do so. Tex. Occ. Code § 165.156. Thus, "when a corporation comprised of lay persons employs licensed physicians to treat patients and

the corporation receives the fee, the corporation is unlawfully engaged in the practice of medicine." *Parikh*, 977 F. Supp. 2d at 675 (quoting *Gupta v. E. Idaho Tumor Inst., Inc.*, 140 S.W.3d 747, 752 (Tex. App.—Houston [14th Dist.] 2004, pet. denied)).

Headen alleges that Abundant Life violated Texas's ban on the corporate practice of medicine by employing physicians. *See* Compl. ¶ 18. He alleges that Abundant Life "utilized employee Dr. Rowlett's license to bill for Medicaid services." *Id.* First, this allegation is vague and conclusory. Second, even if the allegation were true, Headen has not cited and cannot cite any authority supporting the proposition that FCA violations may be predicated on violations of the ban on the corporate practice of medicine. *Parikh*, 977 F. Supp. 2d at 676.

"The FCA is not a general 'enforcement device' for federal"—or state—"statutes, regulations, and contracts." *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 258 (5th Cir. 2010) ("*Steury I*"). "Rather, for a legal violation to be a predicate for FCA liability, the defendant's compliance with that law must be a condition [of] or prerequisite to payment." *Parikh*, 977 F. Supp. 2d at 675 (citing *Steury I*, 625 F.3d at 268). Headen has not alleged any express certification of compliance by Abundant Life with the ban on the corporate practice of medicine (or with any law or regulation).

Because Headen provides no support for his legal theory, and because Abundant Life did not expressly certify compliance with the ban, any alleged FCA violations predicated on the ban on the corporate practice of medicine must be dismissed. *Parikh*, 977 F. Supp. 2d at 676.

## C. HEADEN'S SECTION 3729(A)(1)(B) FALSE RECORD OR STATEMENT CLAIM FAILS TO MEET RULE 9(B) AND RULE 12(B)(6)'S PLEADING STANDARDS

Section 3729(a)(1)(B) states that "any person who knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim . . . is liable to the United States Government." 31 U.S.C. § 3729(a)(1)(A). In order to survive a motion to dismiss, a

relator must describe the details of what is alleged to be a defendant's false record or statement made for the purpose of getting a false or fraudulent claim paid by the Government. *Grubbs*, 565 F.3d at 193. A relator must "prove that the defendant intended the false record or statement be material to the Government's decision to pay or approve the false claim." *Rafizadeh*, 553 F.3d at 874 (affirming dismissal of *qui tam* complaint under Rule 9(b)).

A relator alleging a violation of § 3729(a)(1)(B) must describe the "who what, when, where, and how of the alleged fraud" under Rule 9(b). *Rafizadeh*, 553 F.3d at 874. Headen has failed to meet any of these requirements: *what* records or statements were false, *who* prepared or made them, *when* they were made, and *how* the records or statements were intended to get a false or fraudulent claim paid by the Government.

### D. HEADEN'S SECTION 3729(A)(1)(C) CONSPIRACY CLAIM FAILS TO MEET RULE 9(B) AND RULE 12(B)(6) PLEADING STANDARDS

Section 3729 (a)(1)(C) subjects to civil liability "any person who conspires to commit a violation" of the FCA, including sections 3729(a)(1)(A) and 3729(a)(1)(B). 31 U.S.C. § 3729(a)(1)(C). To prove conspiracy under the FCA, "a relator must show '(1) the existence of an unlawful agreement between defendants to get a false or fraudulent claim allowed or paid by [the Government] and (2) at least one act performed in furtherance of that agreement.'" *Grubbs*, 565 F.3d at 193 (citation omitted). To meet the requirements of Rule 9(b) on a motion to dismiss, a relator "must 'plead with particularity the conspiracy as well as the overt acts . . . taken in furtherance of the conspiracy.'" *Id.* (citation omitted). Headen has done none of this, failing to allege even the most basic elements of a conspiracy.

### E. HEADEN CANNOT SUE ABUNDANT LIFE UNDER THE AKS ALONE

Count 4 of the Complaint appears to assert a violation of the AKS. *See* Compl. ¶¶ 37–40. Headen lacks standing to assert an independent AKS claim because the AKS does not provide for

a private *qui tam* right of action. *United States ex rel. King v. Solvay Pharms, Inc.*, 871 F.3d 318, 324 n.1 (5th Cir. 2017) (per curiam). A relator may not sue a healthcare provider under the AKS alone. *Id.*

### F. HEADEN FAILS TO STATE A CLAIM UNDER THE TEXAS MEDICAID FRAUD PREVENTION ACT

The Texas Medicaid Fraud Prevention Act ("Act") provides that "[a] person commits an unlawful act if the person:

> (1) knowingly makes or causes to be made a false statement or misrepresentation of a material fact to permit a person to receive a benefit or payment under the Medicaid program that is not authorized or that is greater than the benefit or payment that is authorized;

> (2) knowingly conceals or fails to disclose information that permits a person to receive a benefit or payment under the Medicaid program that is not authorized or that is greater than the benefit or payment that is authorized;

> …

> (4) knowingly makes, causes to be made, induces, or seeks to induce the making of a false statement or misrepresentation of material fact concerning . . . information required to be provided by a federal or state law, rule, regulation, or provider agreement pertaining to the Medicaid program; [and]

> (5) except as authorized under the Medicaid program, knowingly pays, charges, solicits, accepts, or receives, in addition to an amount paid under the Medicaid program, a gift, money, a donation, or other consideration as a condition to the provision of a service or product or the continued provision of a service or product if the cost of the service or product is paid for, in whole or in part, under the Medicaid program.

Tex. Hum. Res. Code § 36.002.

Headen attempts to allege violations of § 36.002(1) and § 36.002(2), but the provisions he cites do not reflect the actual provisions of the Act. Although Headen appears to correctly describe § 36.002(4) and § 36.002(5), he provides no factual basis whatsoever for his belief that Abundant Life's conduct violated those provisions. To the extent he relies on allegations elsewhere in the

Complaint, he has alleged neither a false statement or misrepresentation of fact Abundant Life made or caused to be made nor any consideration allegedly paid as a condition of provision of services paid for by Medicaid. *See* §§ 36.002(4), 36.002(5). Headen has failed to "set forth the who, what, when, where, and how of the alleged fraud" as required under Rule 9(b). *See Steury II*, 735 F.3d at 204.

## VI.   CONCLUSION

The Complaint should be dismissed. A proposed order is attached.

Respectfully submitted,

By:   /s/ *Geoffrey Berg*
Geoffrey Berg (gberg@bergplummer.com)
BERG PLUMMER JOHNSON & RAVAL, LLP
Texas Bar No. 00793330
S.D. Tex. Bar No. 19455
3700 Buffalo Speedway, Suite 1150
Houston, Texas 77098
713-526-0200 (tel)
832-615-2665 (fax)
*Attorney-in-Charge for Defendant Abundant Life Therapeutic Services Texas, LLC*

Kathryn E. Nelson (knelson@bergplummer.com)
BERG PLUMMER JOHNSON & RAVAL, LLP
Texas Bar No. 24037166
S.D. Tex. Bar No. 36108
3700 Buffalo Speedway, Suite 1150
Houston, Texas 77098
713-526-0200 (tel)
832-615-2665 (fax)
*Of Counsel*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 23, 2018, a true and correct copy of the foregoing instrument was served on all counsel of record through the CM/ECF system. This instrument was also sent via email to:

Christopher Hefner (Christopher.Hefner@oag.texas.gov)
Assistant Attorney General
Civil Medicaid Fraud Division
P.O. Box 12548
Austin, Texas 78711-2548

       */s/ Kathryn E. Nelson*
       Kathryn E. Nelson