**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and, | § | |
| THE STATE OF TEXAS, *ex rel*. | § | |
| THOMAS HEADEN III, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-773 |
| | § | |
| ABUNDANT LIFE THERAPEUTIC | § | |
| SERVICES TEXAS, LLC and | § | |
| JOHN DOES (1–50) INCLUSIVE, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On March 12, 2018, *qui tam* relator Thomas Headen sued Abundant Life Therapeutic

Services and unidentified defendants, alleging violations of the False Claims Act, 31 U.S.C. § 3729

*et seq*., Anti-Kickback Statute, 42 U.S.C. § 1320a–7(b), and the Texas Medicaid Fraud Prevention

Act, Tex. Hum. Res. Code § 36.002. (Docket Entry No. 1). The United States declined to intervene

on May 31, 2018. (Docket Entry No. 6). On August 23, 2018, Abundant Life moved to dismiss

Headen's complaint, arguing that Headen failed to satisfy Federal Rules of Civil Procedure 9(b) and

12(b)(6). (Docket Entry No. 10). On September 13, 2018, Headen filed an amended complaint and

again alleged violations of the False Claims Act, Anti-Kickback Statute, and the Texas Medicaid

Fraud Prevention Act.

The filing of an amended complaint supersedes the prior complaint. *See King v. Dogan*, 31

F.3d 344, 346 (5th Cir. 1994). "If an amended complaint does not incorporate the earlier pleading,

a court may deny as moot a motion to dismiss that was filed before the operative amended

complaint." *Probado Techs. Corp. v. Smartnet, Inc.*, No. CIVA C-090349, 2010 WL 918573, at *1 (S.D. Tex. Mar. 12, 2010). But, "[a] motion to dismiss, which attacks the original complaint for deficiencies that persist in the amended complaint," need not be denied as moot in all circumstances." *People's Choice Home Loan, Inc. v. Mora*, No. CIVA 3:06-CV-1709-G, 2007 WL 120006, at *2 (N.D. Tex. Jan. 18, 2007). "If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading." 6 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed. 2018).

Headen's amended complaint alleges more facts—and with greater particularity—than the original complaint. *Compare* (Docket Entry No. 12), *with* (Docket Entry No. 1). The court finds the motion to dismiss moot. Headen's amended complaint is deemed filed as of today's date. Abundant Life may file a motion to dismiss that specifically addresses the amended complaint's claims and allegations no later than **October 12, 2018**. Headen must respond no later than 14 days after Abundant Life's Rule 12 motion is filed.

SIGNED on September 24, 2018, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge