IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and § <br> THE STATE OF TEXAS, *ex rel.* § <br> THOMAS HEADEN III, § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> ABUNDANT LIFE THERAPEUTIC § <br> SERVICES TEXAS, LLC and § <br> JOHN DOES (1–50) INCLUSIVE, § <br> § <br> Defendants. § | Civil Action No. 4:18-cv-00773 <br> JURY DEMANDED |

**DEFENDANT ABUNDANT LIFE THERAPEUTIC SERVICES TEXAS, LLC'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Defendant Abundant Life Therapeutic Services Texas, LLC ("Abundant Life") files this Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) as follows:

I.   PRELIMINARY STATEMENT

On November 30, 2018, the Court dismissed, mostly without prejudice, Relator Thomas Headen III's ("Headen") Amended Complaint for failure to state a claim. Docket No. 18. In his Second Amended Complaint, Headen sets out verbatim 40 of the 43 numbered paragraphs in his Amended Complaint. The repeated paragraphs include Count IV of his claim, which the Court dismissed with prejudice, and the misquoted portions of the Texas Medicaid Fraud Prevention Act. See 2d Am. Compl. ¶¶ 38–41, 2 (page 16).[1] The single new numbered paragraph identifies Jon Nathaniel Ford as a second defendant. *See* 2d Am. Compl. ¶ 7. Other than the insertion of the word

---

[1] The paragraph numbering begins again at "1" on page 16 of the Second Amended Complaint.

"specifically" in paragraph 5, describing generally the alleged scheme, the new allegations concern only two of the alleged kickback recipients, Blackshear Elementary and Rhodes Elementary School. *See* 2d Am. Compl. ¶¶ 17–18.

Headen's third attempt to set forth a cognizable claim under the False Claims Act and the Anti-Kickback Statute fails. The limited additional wording in paragraphs 17 and 18 do not support his accusations with any of the detail required under Rules 9(b) and 12(b)(6). The Second Amended Complaint should be dismissed with prejudice.

## II. INCORPORATION OF PRIOR BRIEFING

Abundant Life incorporates, as if fully set out herein, its Motion to Dismiss filed on October 12, 2018 (Docket No. 14) and Reply in support filed on October 31, 2018 (Docket No. 17).

## III. PROCEDURAL BACKGROUND

Headen filed his Original Complaint under seal on March 12, 2018, alleging violations of the False Claims Act, 31 U.S.C. § 3829, the Anti-Kickback Statute, 42 U.S.C. § 1320a–7b, and the Texas Medicaid Fraud Prevention Act, Tex. Hum. Res. Code § 36.002. Docket No. 1. On May 31, 2018, the government's declination to intervene was filed, and the Original Complaint was unsealed on June 14, 2018. Docket Nos. 6, 7. Abundant Life moved to dismiss under Federal Rules of Civil Procedure 9(b) and 12 on August 23, 2018. Docket No. 10. On September 13, 2018, Headen filed his Amended Complaint. Docket No. 12. Abundant Life moved to dismiss the Amended Complaint on October 12, 2018. Docket No. 14. Headen responded, and Abundant Life replied. Docket Nos. 16, 17. On November 30, 2018, the Court dismissed Counts I, II, III, and V, without prejudice and with leave to amend by January 25, 2019. Docket No. 18 at 27. The Court dismissed Count IV with prejudice and without leave to amend. Docket No. 18 at 27. On January

25, 2019, Headen filed his Second Amended Complaint, which Abundant Life now moves to dismiss. *See* Docket No. 20.

### IV. STATEMENT OF THE ISSUES

1. Whether the allegations in the Second Amended Complaint based on Abundant Life's alleged violations of the Anti-Kickback Statute, § 3729(a)(1)(A)–(C) of the False Claims Act, and the Texas Medicaid Fraud Prevention Act fail as a matter of law to state a claim and, therefore, should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6); and

2. Whether the Second Amended Complaint should be dismissed under Federal Rule of Civil Procedure 9(b) because it fails to plead fraud under the False Claims Act, the Anti-Kickback Statute, and the Texas Medicaid Fraud Prevention Act with the requisite particularity.

### V. ARGUMENT

For the third time, Headen has failed to meet his minimum burden to "set forth the who, what, when, where, and how of the alleged fraud" required by Rules 9(b) and 12. *See United States ex rel. Steury v. Cardinal Health, Inc.*, 735 F.3d 202, 204 (5th Cir. 2013) (per curiam). He has neither identified any specific false claims that were actually submitted to the Government nor alleged particular details of a purported scheme to submit false claims paired with reliable indicia that lead to a strong inference that false claims were actually submitted to the Government. *See United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009). The Court noted the Amended Complaint's pleading deficiencies in its November 30, 2018 Memorandum and Order. Docket No. 18. Despite this opportunity to cure, Headen has failed to do so. The Second Amended Complaint should be dismissed with prejudice. *See U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354,

367–68 (5th Cir. 2014) (dismissing Second Amended Complaint with persistent "fatal flaw" despite greater specificity).

### A. HEADEN'S NEW ALLEGATIONS REGARDING BLACKSHEAR ELEMENTARY AND RHODES CHARTER ELEMENTARY SCHOOL ARE INSUFFICIENT TO MEET RULE 9(B) AND RULE 12(B)(6) PLEADING STANDARDS

Like its predecessors, the Second Amended Complaint does not provide any particulars of a plausible scheme to induce referrals from any schools or organizations or any reliable indicia that false claims were actually submitted. *See Grubbs*, 565 F.3d at 190. Even if the alleged kickback scheme were pleaded sufficiently, it provides no ***links*** between the scheme and the submission of any false claim. *See United States ex rel. Bennett v. Medtronic, Inc.*, 747 F. Supp. 2d 745, 767 (S.D. Tex. 2010). The Second Amended Complaint fails to describe how "the improper remuneration ***clearly relates*** to the inducement of referrals." *United States ex rel. Patel v. Catholic Health Initiatives*, 312 F. Supp. 3d 584, 599 (S.D. Tex. 2018) (emphasis added); *see also United States ex rel. Vavra v. Kellogg Brown & Root, Inc.*, 848 F.3d 366, 378 (5th Cir. 2017) ("We conclude that the 1986 statutory language of 'favorable treatment,' though more general than the prior requirement that the kickback be an inducement for a 'subcontract or order,' still requires a link between the kickback and some benefit being sought or already received.") (construing Anti-Kickback Act, 41 U.S.C. § 8702 (2006 & Supp. 2010)).

#### 1. BLACKSHEAR ELEMENTARY

Although Headen has pleaded a handful of new facts regarding Blackshear Elementary, his allegations remain insufficient to state a claim for relief under Rules 9(b) and 12. For example, he now alleges that "many" instead of "some" of the treatment services provided to students referred by Blackshear Elementary were reimbursed by Medicaid. 2d Am. Compl. ¶ 17. The words "his estimation" are deleted from his allegation that "monies and gifts" given by Abundant Life to

4

Blackshear Elementary and other Houston-area schools "resulted in thousands of hours of billing and at least $574,000 of revenue." 2d Am. Compl. ¶ 17. In the same sentence, the word "principals" is substituted for "individuals." 2d Am. Compl. ¶ 17. These semantic changes do not cure Headen's deficient pleading.

The Second Amended Complaint alleges for the first time that, between July and August 2017, Jon Ford directed Eryca Neville to provide uniforms and educational materials, as well as a "washer and dryer machine," to Blackshear Elementary's Principal Lewis. 2d Am. Compl. ¶ 17. The value of the machine is alleged to be $3,712.22 (the difference between the value of the educational materials and school uniforms and the value of all items allegedly given to Blackshear Elementary). 2d Am. Compl. ¶ 17. It is fatal to his pleading that Headen does not allege *how* and *why* the free items could or would induce referrals from Blackshear Elementary, whether Principal Lewis or anyone else at the school was aware of an illicit purpose of the donations, whether any students were referred to Abundant Life by anyone at Blackshear Elementary in exchange for the free items, or any other information leading to an inference—strong or otherwise—that any false claims were actually presented as a result of the referrals. *See Grubbs*, 565 F.3d at 189–91; *U.S. ex rel. Nunnally v. W. Calcasieu Cameron Hosp.*, 519 F. App'x 890, 894 (5th Cir. 2013) (per curiam) ("We are given no information on the content of those agreements, the identity of the physicians . . . or improper referrals."); *United States ex rel. Ruscher v. Omnicare, Inc.*, No. 4:08-cv-3396, 2014 WL 2618158, at *10 (S.D. Tex. June 12, 2014) ("Relator must sketch . . . how and why Defendant believed that remuneration would induce new business . . . ."); *Mason v. Medline Indus., Inc.*, No. 07 C 5615, 2009 WL 1438096, at *4 (N.D. Ill. May 22, 2009) ("He does not provide any detail suggesting Medline and Mt. Sinai reached an understanding as to an illicit purpose of the donations.").

The Second Amended Complaint then alleges that, also between July and August 2017, Jon Ford directed Melissa Shagun and others "so long as Abundant Life was receiving referrals from BlackShear Elementary, to provide free skills building services/life skills counseling services weekly during school hours to students at Blackshear Elementary." 2d Am. Compl. ¶ 17. It identifies Shagun as an independent contractor and "QMHP" of Abundant Life. Am. Compl. ¶ 17. Although Shagun was identified in the Amended Complaint, her affiliation with Abundant Life was not previously described.[2] Am. Compl. ¶ 17. As in the Amended Complaint, no description of or particulars regarding the free "skills building" and "life skills and counseling" services—what they were and when they were provided—is alleged. *See Nunnally*, 519 F. App'x at 894; *Ruscher*, 2014 WL 2618158, at *10.

Headen further alleges that Jon Ford directed "Shagun and other QMHP's to refer Abundant Life several of these Medicaid patients for mental health services . . . and assessments overseen by Dr. Rowlett and Dr. Rawls." 2d Am. Compl. ¶ 17. He alleges that, as a result of the free services provided to Blackshear Elementary, "a litany of patients were referred to Abundant Life" by Shagun and other Abundant Life contractors, including one student who received a mental health assessment on or about November 2, 2017, for which Medicaid was billed $19.83. 2d Am. Compl. ¶ 17. He does not allege how a referral ***from Abundant Life to Abundant Life*** following a donation ***to Blackshear Elementary*** violates the AKS. *See* 42 U.S.C. § 1320a–7b(b)(2)(A) (barring remuneration to a person to induce such person to refer an individual for services paid for by a Federal health care program); *United States ex rel. Parikh v. Citizens Med. Ctr.*, 977 F. Supp. 2d 654, 671 (S.D. Tex. 2013). Nor does Headen allege whether anyone at Blackshear Elementary was aware of an illicit purpose of the donations or whether anyone at the school referred patients

---

[2] The Amended Complaint names a "Melissa Sahagun" in paragraph 17. For the purposes of this Motion only, Abundant Life assumes that "Melissa Shagun" and "Melissa Sahagun" are the same person.

to Abundant Life in exchange for the services. *See Parikh*, 977 F. Supp. 2d at 671; *Mason*, 2009 WL 1438096, at *4. He does not allege *who* at Abundant Life conducted the assessment, whether any treatment was provided after the assessment, or any specifics regarding Abundant Life's billing system or procedures other than the name of the company, one of its principals, and one of its employees. *See* 2d Am. Compl. ¶¶ 17–18. This lack of specificity leaves the complaint with no factual basis "that lead[s] to a ***strong inference*** that claims were actually submitted." *See Grubbs*, 565 F.3d at 190 (emphasis added).

### 2. RHODES CHARTER ELEMENTARY SCHOOL

The Second Amended Complaint additionally alleges that, in or about October 2017, Eryca Neville provided "$20,000 worth of computers purchased from Best Buy to Rhodes Charter Elementary School's principal." 2d Am. Compl. ¶ 18. It alleges that "shortly" afterwards, Melissa Shagun referred five students from Rhodes Charter Elementary School to Abundant Life for initial assessments, each of which was billed to Medicaid. 2d Am. Compl. ¶ 18. It does not allege how or why the free computers could or would induce referrals from Rhodes Charter Elementary School, whether the principal or anyone else at the school was aware of an illicit purpose of the donation, or whether any students were referred to Abundant Life by anyone at Rhodes Charter Elementary School in exchange for the free computers. *See Grubbs*, 565 F.3d at 189–91; *Nunnally*, 519 F. App'x at 894; *Ruscher*, 2014 WL 2618158, at *10; *Mason*, 2009 WL 1438096, at *4. The Second Amended Complaint does not allege that the donations to Rhodes Charter Elementary School induced the referrals by Abundant Life to Abundant Life or how that would violate the AKS. *See Parikh*, 977 F. Supp. 2d at 665. Even if it had alleged particulars of a kickback scheme, it fails to allege reliable indicia that a false claim was submitted, such as who provided the assessments,

7

whether the students received any subsequent treatment, or a description of the billing system. *See Grubbs*, 565 F.3d at 189–91.

The limited additional language in paragraphs 17 and 18 relating to Blackshear Elementary and Rhodes Charter Elementary School are insufficient to cure Headen's inability to meet minimal pleading standards under Rule 12(b)(6), let alone the heightened pleading standard under Rule 9(b). The allegations as to Blackshear Elementary and Rhodes Charter Elementary School should be dismissed with prejudice. *See Spicer*, 751 F.3d at 367; *see also* Docket No. 14 at 9–10; Docket No. 18 at 13–15.

### B. THE COURT SHOULD DISMISS WITH PREJUDICE THE CLAIMS HEADEN FAILED TO AMEND

#### 1. OTHER ALLEGED KICKBACK SCHEMES

The allegations in Count I of the Second Amended Complaint regarding alleged kickbacks to (i) the Madge Bush Living Center, (ii) the Houston Independent School District and the Harmony Schools, and (iii) the physicians and independent contractors are identical to those in the Amended Complaint, except for the substitution of "principals" for "individuals" in paragraph 17. *See* Am. Compl. ¶¶ 16–17; 2d Am. Compl. ¶¶ 17–18. The Court dismissed the allegations as to these entities without prejudice and with leave to amend. Slip Op. at 15, 19. Headen was given an opportunity to amend the allegations as to (i) the Madge Bush Living Center, (ii) the Houston Independent School District and the Harmony Schools, and (iii) the physicians and independent contractors and failed to do so. For the reasons stated in Abundant Life's prior briefing and the Court's Order, the allegations as to those entities should be dismissed with prejudice. *See Spicer*, 751 F.3d at 367; *see also* Docket No. 14 at 10–14; Docket No. 18 at 14–19.

### 2. DIRECT FALSE CLAIM UNDER § 3729(a)(1)(A)

After the Court explained why Headen's allegations failed to state a direct claim under § 3729(a)(1)(A), Headen was given leave to amend. *See* Docket No. 17 at 19–21. He has not done so. For the reasons stated in Abundant Life's prior briefing and the Court's Order, Headen's direct false claim allegations should be dismissed with prejudice. *See Spicer*, 751 F.3d at 367; *see also* Docket No. 14 at 14–16; Docket No. 18 at 19–21.

### 3. FALSE RECORD CLAIM UNDER § 3729(a)(1)(B)

The Second Amended Complaint alleges no new facts supporting the false records claim under § 3729(a)(1)(B). Headen was made aware of its deficiencies and failed to "allege that Abundant Life made a false record or statement." Slip Op. at 23. For the reasons stated in Abundant Life's prior briefing and the Court's Order, Count II should be dismissed with prejudice. *See Spicer*, 751 F.3d at 367; *see also* Docket No. 14 at 16; Docket No. 18 at 21–23.

### 4. CONSPIRACY CLAIM UNDER § 3729(a)(1)(C)

The Second Amended Complaint fails to allege a conspiracy to violate the False Claims Act under § 3729(a)(1)(C). The additional facts concerning Blackshear Elementary and Rhodes Charter Elementary school" fail to support an inference that there were 'unlawful agreement[s] between defendants.'" Slip Op. at 24 (*quoting* Grubbs, 656 F.3d at 193). For the reasons stated in Abundant Life's prior briefing and the Court's Order, Count III should be dismissed with prejudice. *See* Docket No. 14 at 17; Docket No. 18 at 17–18.

### 5. TEXAS MEDICAID FRAUD PREVENTION ACT ALLEGATIONS UNDER TEX. HUM. RES. CODE § 36.002

As the Court explained, "if a relator's complaint fails to state a claim under the False Claims Act, it also fails to state a claim under the Texas Medicaid Prevention Act." Slip Op. at 27 (quoting *United States ex rel. Williams v. McKesson Corp.*, No. 3:12-CV-371-B, 2014 WL

9

3353247, at *6 (N.D. Tex. July 9, 2014)). For the reasons stated in Abundant Life's prior briefing and the Court's Order, Count V should be dismissed with prejudice. See Docket No. 14 at 17–18; Docket No. 18 at 25–27.

## VI. CONCLUSION

Relator has had three opportunities to plead with the specificity required by Rules 12(b)6 and 9(b). He is unable to do so. The Second Amended Complaint should be dismissed with prejudice. A proposed order is attached.

Respectfully submitted,

By: /s/ *Geoffrey Berg*
Geoffrey Berg (gberg@bergplummer.com)
BERG PLUMMER JOHNSON & RAVAL, LLP
Texas Bar No. 00793330
S.D. Tex. Bar No. 19455
3700 Buffalo Speedway, Suite 1150
Houston, Texas 77098
713-526-0200 (tel)
832-615-2665 (fax)
*Attorney-in-Charge for Defendant Abundant Life Therapeutic Services Texas, LLC*

Kathryn E. Nelson (knelson@bergplummer.com)
BERG PLUMMER JOHNSON & RAVAL, LLP
Texas Bar No. 24037166
S.D. Tex. Bar No. 36108
3700 Buffalo Speedway, Suite 1150
Houston, Texas 77098
713-526-0200 (tel)
832-615-2665 (fax)
*Of Counsel*

## **CERTIFICATE OF SERVICE**

      I certify that on February 5, 2019, a true and correct copy of the foregoing instrument was served on all counsel of record through the CM/ECF system. This instrument was also sent via email to:

Christopher Hefner (Christopher.Hefner@oag.texas.gov)
Assistant Attorney General
Civil Medicaid Fraud Division
P.O. Box 12548
Austin, Texas 78711-2548

                                                    */s/Geoffrey Berg*
                                                    Geoffrey Berg