UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>AND THE STATE OF TEXAS, )<br>Ex rel. THOMAS HEADEN III, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ABUNDANT LIFE THERAPEUTIC )<br>SERVICES TEXAS LC; AND JOHN )<br>DOES (1-50) INCLUSIVE; )<br>)<br>Defendants. ) | Civil Action No. 4:18-CV-773 |

**STATE OF TEXAS'S STATEMENT OF INTEREST IN RESPONSE TO DEFENDANT ABUNDANT LIFE THERAPEUTIC SERVICE TEXAS, LLC'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

The State of Texas (hereinafter "Texas") files this Statement of Interest to correct statements made in Defendant Abundant Life Therapeutic Service Texas, LLC's Motion to Dismiss filed on October 12, 2018 (hereinafter "Defendant's MTD #1"), Reply filed on October 31, 2018 (hereinafter "Defendant's Reply")[1], and Motion to Dismiss Second Amended Complaint filed on February 5, 2019 (hereinafter "Defendant's MTD #2"), regarding the proper legal interpretation of the Texas Medicaid Fraud Prevention Act, chapter 36 of the Texas Human Resources Code (hereinafter "TMFPA"). Texas retains an interest in this matter, even though it declined to intervene, because Texas is entitled to a portion of any proceeds of the TMFPA causes

---

[1] Defendant's pending Motion to Dismiss incorporates its prior briefing, Defendant's MTD #1 and Defendant's Reply, "as if fully set out herein." Defendant's MTD #2 at 2. Defendant also relies on the reasoning in his prior briefing and this Court's Order dated November 30, 2018 in discussing Count V, the TMFPA causes of action. Defendant's MTD #2 at 9-10.

1

of action and because Texas has an ongoing interest in ensuring consistent and correct interpretation of the TMFPA.[2] Texas respectfully submits the following:

1. **Nature and Stage of the Proceeding.**

Relators filed the Original Complaint on March 12, 2018. The United States and Texas filed a Notice of Election to Decline Intervention on May 31, 2018. Relator subsequently filed an Amended Complaint on September 13, 2018, which Defendant moved to dismiss. This Court issued an Order dismissing Counts I, II, III and V without prejudice and with leave to amend by January 25, 2019. Relator filed his Second Amended Complaint on January 25, 2019 and Defendant moved to dismiss on February 5, 2019 seeking, *inter alia*, dismissal of the TMFPA causes of action. Texas contacted the Court on February 12, 2019 and was advised that it was not required to obtain permission prior to filing a Statement of Interest and that the deadline for filing is the same as that of Relator's response. Texas files this Statement of Interest to address the legal interpretation of the TMFPA in relation to the pending motion to dismiss.[3]

2. **Statement of the Issues**

Do Defendant's arguments seeking Rule 12(b)(6) and Rule 9(b) dismissal of the federal False Claims Act (hereinafter "FCA") causes of action apply to the TMFPA causes of action where the TMFPA differs substantially from the FCA and does not require the presentation of a false claim to establish liability?

---

[2] Texas's declination in this matter is not a comment on the merits of the case. *See* Tex. Hum. Res. Code § 36.104 (State's declination is merely notice of the State's decision whether to intervene.) Rather, the TMFPA contemplates cases continuing in the event of Texas's non-intervention by conferring rights on relators and permitting relators to pursue TMFPA allegations after Texas declines. *See e.g.*, Tex. Hum. Res. Code §§ 36.104 and 36.110(a-1).

[3] Defendant contends now for the first time that the state claims fail for the same reason as the federal claims, necessitating the filing of this Statement of Interest. Defendant's MTD #2 at 9-10. This issue was not raised by Defendant in its prior briefing. See Defendant's MTD #1 and Defendant's Reply.

3. **The TMFPA differs substantially from the federal False Claims Act and the plain language of the TMFPA controls the interpretation of the Texas state law claims.**

The TMFPA does not mirror the FCA and the elements that must be proven to establish liability under these two statutes are dissimilar. In matters involving state law, federal courts apply the same law that would be applied by the highest court of that state. *Howe ex rel. Howe v. Scottsdale Ins. Co.,* 204 F.3d 624, 627 (5th Cir. 2000) (discussing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)). The Texas Supreme Court recently stated that, "Statutory language is the 'surest guide to the Legislature's intent' because 'it is a fair assumption that the Legislature tries to say what it means.'" *In re Xerox*, 555 S.W.3d 518, 527 (Tex. 2018) (citing *Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 507 (Tex. 2012)). The Texas Supreme Court continued that "the Legislature selected statutory words, phrases, and expressions deliberately and purposefully and was just as careful in selecting the words, phrases, and expressions that were included or omitted." *Id*. See also, *City of Rockwall v. Hughes*, 246 S.W.3d 621, 629 (Tex. 2008) (upholding the plain language of a statute).

The Texas Supreme Court particularly rejected the contention that the FCA and TMFPA should be read as identical when it stated: "Though the parties make comparisons to analogous federal and state fraud-prevention acts as it suits their arguments—including the federal False Claims Act, the Social Security Act's Civil Monetary Penalties Law, and similar false-claims or Medicaid-fraud statutes enacted by thirty-two state and local jurisdictions —these comparisons are not probative. These statutes, while similar in aim and tactic, employ materially different language, and the language of our statutes controls the outcome here." *In re Xerox*, 555 S.W.3d at 535. Consequently, the causes of action asserted under the TMFPA in this case must be analyzed according to the TMFPA's plain language, especially where that language differs from the FCA.

3

Unlike the FCA, the TMFPA sets out several unlawful acts that each proscribe specific conduct involving the Medicaid program, and the TMFPA unlawful acts alleged by Relator in the Second Amended Complaint do not require the presentment of a false claim. Tex. Hum. Res. Code §§ 36.002(1), (2), (4)(B) & (5). The Texas Supreme Court has declared that Texas state statutes should be construed "according to their plain and ordinary language." *In re Xerox*, 555 S.W.3d at 535. Yet Defendant fails to undertake any analysis of the TMFPA's plain and ordinary language. Instead, Defendant summarily mischaracterizes the Texas causes of action by claiming "if a relator's complaint fails to state a claim under the False Claims Act, it also fails to state a claim under the Texas Medicaid [Fraud] Prevention Act." Defendant's MTD #2 at 9. Although this language is taken from the Court's Order Granting Defendant's Motion to Dismiss (hereinafter "Court's Order"), it is incorrect under applicable Texas law. *See* Docket No. 18 at 27.

Two of the cases that Defendant incorporates by reference to the Court's Order did not analyze the TMFPA at all because the parties in those cases agreed to treat both the state and federal claims as being governed by FCA analysis. *United States ex rel. Carroll v. Planned Parenthood Gulf Coast, Inc.,* 21 F.Supp.3d 825 (S.D. Tex. 2014) and *United States ex rel. Williams v. McKesson Corp.*, No. 3:12-CV-0371-B, 2014 WL 3353247 (N.D. Tex. July 9, 2014). Texas did not participate in either of these cases, and the parties did not point out the differences between the statutes or the relevant Texas law to the court. *Carroll v. Planned Parenthood Gulf Coast Inc,* 21 F.Supp.3d at 832 n.24, *Williams v. McKesson*, 2014 WL 3353247 at *4. Texas is not aware of any agreement concerning the interpretation of the TMFPA in this case, and even if there were such an agreement, it would not change the law or affect Texas's obligation to correct any misunderstandings of applicable Texas law.

Defendant also mistakenly relies on the cases of *United States ex rel. Reynolds v. Planned Parenthood Gulf Coast,* No. 9-09-CV-124, 2012 WL 13036270 (E.D. Tex. Aug. 10, 2012) and *Texas. v. Caremark, Inc.,* 584 F.3d 655 (5th Cir. 2009). *Reynolds v. Planned Parenthood Gulf Coast* is inapplicable because that court only addressed two TMFPA unlawful acts, Tex. Hum. Res. Code § 36.002(1) and § 36.002(12). *Reynolds v. Planned Parenthood Gulf Coast,* 2012 WL 13036270, at *6. Absent from any discussion in that case were three of the four unlawful acts asserted in this case, §§ 36.002(2), (4)(B), and (5), each of which contain material differences in language from the FCA. *See, generally*, 31 U.S.C. §§ 3729(1) (A-G). The *Texas v. Caremark* case is irrelevant to the present litigation. That case dealt with sovereign immunity, a legal doctrine not at issue here. Additionally, that court made only a passing reference to state *qui tam* statutes and did not hold that FCA analysis is applied to the TMFPA. *Texas. v. Caremark, Inc.,* 584 F.3d at 657.

In a more recent decision applicable to this case, the court analyzed the TMFPA's language and acknowledged that the "TMFPA's scope can be broader than the FCA's scope." *United States ex rel. Patel v. Catholic Health Initiatives,* 312 F.Supp.3d 584, 607 (S.D. Tex. 2018), *appeal docketed*, No. 18-20395 (5th Cir. June 21, 2018). In the *Patel* case, both relator and Texas advised the court of the differences between the TMFPA and the FCA, including that the TMFPA "does not require the presentment of a particular false claim to be identified." *Id*. The *Patel* court dismissed the FCA claims with prejudice, but dismissed the TMFPA claims without prejudice to refiling in State court, finding that the "Texas courts could reasonably interpret the TMFPA" as "penaliz[ing] all conduct that violates the FCA while also reaching a broader range of false or fraudulent conduct less closely tied to the Medicaid claim submission process." *Id*.

5

In the case before the Court, the parties have not agreed to interpret TMFPA claims under FCA criteria. Applicable authority, especially the Texas Supreme Court's recent *Xerox* decision, requires this Court look to the plain language of the TMFPA in analyzing Relator's claims. *In re Xerox*, 555 S.W.3d at 535. As such, it is incorrect to assert that the TMFPA and the FCA should be read as identical when the language of each statute demonstrates that there are many significant differences that are relevant to the claims asserted in this case.

4. **Relator is not required to plead the submission of false claims under the TMFPA to meet the particularity requirements of Rule 9(b) and the pleading requirements of Rule 12(b)(6).**

Since the plain and ordinary language of the TMFPA does not mirror the FCA, Defendant's contention that Relator failed to state a claim under the TMFPA solely because he failed to state a claim under the FCA is incorrect. Defendant's MTD #2 at 9-10.

Three of the TMFPA unlawful acts plead by Relator §§ 36.002(2), (4)(B) & (5), do not contain analogous FCA language that justifies construing these causes of action as identical to an FCA claim. *See, generally*, 31 U.S.C. §§ 3729(1) (A-G).

Further, none of the unlawful acts alleged by Relator require pleading the submission of false claims. Pursuant to Tex. Hum. Res. Code § 36.002(1), a person commits an unlawful act if the person:

> [K]nowingly makes or causes to be made a false statement or misrepresentation of material fact to permit a person to receive a benefit or payment under the Medicaid program that is not authorized or that is greater than the benefit or payment that is authorized.

Pursuant to Tex. Hum. Res. Code § 36.002(2), a person commits an unlawful act if the person:

> [K]nowingly conceals or fails to disclose information that permits a person to receive a benefit or payment under the Medicaid program that is not authorized or that is greater than the benefit or payment that is authorized.

Pursuant to Tex. Hum. Res. Code § 36.002(4)(B), a person commits an unlawful act if the person:

6

> [K]nowingly makes, causes to be made, induces or seeks to induce the making of a false statement or misrepresentation of material fact concerning: . . . information required to be provided by a federal or state law, rule, regulation, or provider agreement pertaining to the Medicaid program.

Pursuant to Tex. Hum. Res. Code § 36.002(5), a person commits an unlawful act if, except as authorized under the Medicaid program the person:

> [K]nowingly pays, charges, solicits, accepts, or receives, in addition to an amount paid under the Medicaid program, a gift, money, a donation, or other consideration as a condition to the provision of a service or product or the continued provision of a service or product if the cost of the service or product is paid for, in whole or in part, under the Medicaid program.

The plain language of the each of these unlawful acts shows that they do not require the presentation of a "false claim" to establish liability.

Ignoring the plain language of the TMFPA, Defendant contends that the state law counts must be dismissed for the same reason as the FCA counts. Defendants' MTD #2 at 9-10. This includes Defendant's incorrect allegation that Relator failed to meet the pleading standards of Rule 12(b)(6) and Rule 9(b) because Relator "neither identified any specific false claims that were actually submitted to the Government nor alleged particular details of a purported scheme to submit false claims paired with reliable indicia that lead to a strong inference that false claims were actually submitted to the Government." Defendant's MTD #2 at 3.

As noted above, Defendant's contentions concerning the Texas causes of action fail because presentment or submission of "false claims" is not an element of the TMFPA claims asserted in this case. Therefore, whether a false claim was presented or submitted is irrelevant to either a Rule 9(b) and Rule 12(b)(6) analysis of the TMFPA causes of action.[4]

---

[4] In contrast, for liability to attach under the FCA where Federal AKS claims are alleged, a relator must plead that a defendant's violation of the Federal AKS presented or caused to be presented a false or fraudulent claim, or made, used or caused to be made or used a false record or statement material to a false or fraudulent claim. 31 U.S.C. §§ 3729(1)(A) & (1)(B).

7

As discussed above, the applicable standard for reviewing the TMFPA is the plain language of the statute as it was written. *In re Xerox,* 555 S.W.3d at 535. Under Texas law, only the legislature may amend a statute by the addition of words: "[C]hanging the meaning of [a] statute by adding words to it . . . is a legislative function, not a judicial function." *City of Rockwall v. Hughes*, 246 S.W.3d at 631; *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 508 (Tex. 2015) ("A court may not judicially amend a statute by adding words that are not contained in the language of the statute."). Defendant's position, which rewrites the elements of multiple TMFPA causes of action, violates the applicable Texas rules of statutory construction and is incorrect.

## CONCLUSION

A review of Relator's Second Amended Complaint reveals that the TMFPA unlawful acts plead here do not require the presentment of a false claim to establish liability. Tex. Hum. Res. Code §§ 36.002(1), (2), (4)(B) & (5). Accordingly, a review of Relator's TMFPA claims should be made in consideration of the requirements and plain language of the TMFPA and Defendant's attempts to impose the presentment of a false claim on Relator's TMFPA causes of action in order to meet the requirements of Rule 9(b) and Rule 12(b)(6) should be rejected.

Respectfully Submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY MATEER
First Assistant Attorney General

DARREN L. MCCARTY
Deputy Attorney General for Civil Litigation

RAYMOND C. WINTER
Chief, Civil Medicaid Fraud Division

/s/ **Christopher Hefner**
SUSAN MILLER
Southern District Bar No. 1340309
CHRISTOPHER HEFNER
Southern District Bar No. 3357008
Assistant Attorney General
Office of the Attorney General
Civil Medicaid Fraud Division
P.O. Box 12548
Austin, Texas 78711-2548
Phone: (512) 936-0260
Fax:    (512) 936-0674
christopher.hefner@oag.texas.gov
**ATTORNEYS FOR THE STATE OF TEXAS**

Dated: February 19, 2019

## CERTIFICATE OF SERVICE

I certify on February 19, 2019, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

/s/ Christopher Hefner
Christopher Hefner