IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and THE STATE OF TEXAS, *ex rel.* THOMAS HEADEN III, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:18-cv-00773 JURY DEMANDED |
| ABUNDANT LIFE THERAPEUTIC SERVICES TEXAS, LLC and JOHN DOES (1–50) INCLUSIVE, | § § § § | |
| Defendants. | § § | |

**DEFENDANT ABUNDANT LIFE THERAPEUTIC SERVICES TEXAS, LLC'S REPLY TO STATE OF TEXAS' STATEMENT OF INTEREST IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Defendant Abundant Life Therapeutic Services Texas, LLC ("Abundant Life") files this Reply to the State of Texas' Statement of Interest in Response to Defendant's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) as follows:

### I.   PRELIMINARY STATEMENT

Abundant Life does not dispute that the Texas Medicaid Fraud Prevention Act, Tex. Hum. Res. Code § 36.002 ("TMFPA"), contains language materially different from the False Claims Act, 31 U.S.C. § 3829 ("FCA"). To the extent the language differs substantially, Relator Thomas Headen III's ("Headen") Second Amended Complaint fails to set forth a cognizable claim under the TMFPA with any of the detail required under Federal Rules of Civil Procedure 9(b) and 12(b)(6). The Second Amended Complaint should be dismissed with prejudice.

## II.   INCORPORATION OF PRIOR BRIEFING

Abundant Life incorporates, as if fully set out herein, its Motion to Dismiss filed on October 12, 2018 (Docket No. 14), its Reply in support filed on October 31, 2018 (Docket No. 17), and its Motion to Dismiss Second Amended Complaint filed on February 5, 2019 (Docket No. 22).

## III.   PROCEDURAL BACKGROUND

On February 5, 2019, Abundant Life filed its Motion to Dismiss Headen's Second Amended Complaint. Docket No. 22. The State of Texas filed its Statement of Interest in Response to Abundant Life's Motion to Dismiss Second Amended Complaint on February 19, 2019 "to address the legal interpretation of the TMFPA in relation to the pending motion to dismiss." Docket No. 23 at 2. The Statement of Interest did not address the sufficiency of Headen's claims or whether he has pleaded violations of the TMFPA with the requisite particularity.

## IV.   ARGUMENT

As the State of Texas noted, the FCA, "while similar in aim and tactic, employ[s] materially different language." *In re Xerox Corp.*, 555 S.W.3d 518, 535 (Tex. 2018). Despite those differences, the Texas Supreme Court has stated that:

> We are satisfied that construing our statutes according to their plain and ordinary language ultimately leads to alignment with federal and state analogues. Though the statutory and jurisprudential paths may differ, we end in the same place.

*Id.* In any event, to the extent the language of the TMFPA materially differs from the FCA, Headen still fails to plead a violation of the TMFPA with the particularity required under Rules 9(b) and 12(b)(6). *See* Docket No. 14 at 17–18.

The TMFPA provides that "[a] person commits an unlawful act if the person:

> (1) knowingly makes or causes to be made a false statement or misrepresentation of a material fact to permit a person to receive a benefit or payment under the

> Medicaid program that is not authorized or that is greater than the benefit or payment that is authorized;
>
> (2) knowingly conceals or fails to disclose information that permits a person to receive a benefit or payment under the Medicaid program that is not authorized or that is greater than the benefit or payment that is authorized;
>
> …
>
> (4) knowingly makes, causes to be made, induces, or seeks to induce the making of a false statement or misrepresentation of material fact concerning . . . information required to be provided by a federal or state law, rule, regulation, or provider agreement pertaining to the Medicaid program; [and]
>
> (5) except as authorized under the Medicaid program, knowingly pays, charges, solicits, accepts, or receives, in addition to an amount paid under the Medicaid program, a gift, money, a donation, or other consideration as a condition to the provision of a service or product or the continued provision of a service or product if the cost of the service or product is paid for, in whole or in part, under the Medicaid program.

Tex. Hum. Res. Code § 36.002.

To the extent necessary,[1] Abundant Life reiterates that Headen provides no factual basis for his claim that Abundant Life's conduct violated any of these provisions. He has identified no false statement or misrepresentation of fact, material or otherwise that Abundant Life made, caused to be made, induced, or sought to induce the making of in violation of the TMFPA. *See* §§ 36.002(1), 36.002(4). Nor has Headen alleged any benefit or payment under the Medicaid program that was not authorized or that was greater than the benefit or payment that was authorized. *See* §§ 36.002(1), 36.002(2). He has not identified the "information" described in either § 36.002(2) or § 36.002(4). Finally, Headen has not alleged any consideration allegedly paid as a condition of provision of services paid for by Medicaid. *See* § 36.002(5).

---

[1] Abundant Life discussed Headen's failure to plead violations of the TMFPA with particularity in its Motion to Dismiss filed on October 12, 2018, incorporated by reference herein and in its Motion to Dismiss Second Amended Complaint filed on February 5, 2019. Docket No. 14 at 17–18; Docket No. 22 at 2.

For the third time, Headen has failed to meet his minimum burden to "set forth the who, what, when, where, and how of the alleged fraud" required by Rules 9(b) and 12. *See United States ex rel. Steury v. Cardinal Health, Inc.*, 735 F.3d 202, 204 (5th Cir. 2013) (per curiam). For these reasons and the reasons stated in Abundant Life's prior briefing and in the Court's Order, Count V of Headen's Second Amended Complaint should be dismissed with prejudice. *See U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367–68 (5th Cir. 2014) (dismissing Second Amended Complaint with persistent "fatal flaw" despite greater specificity). *See* Docket No. 14 at 17–18; Docket No. 18 at 25–27.

## V. CONCLUSION

Relator has had three opportunities to plead with the specificity required by Rules 12(b)6 and 9(b). He is unable to do so. The Second Amended Complaint should be dismissed with prejudice. A proposed order is attached.

Respectfully submitted,

By: /s/ *Geoffrey Berg*
Geoffrey Berg (gberg@bergplummer.com)
BERG PLUMMER JOHNSON & RAVAL, LLP
Texas Bar No. 00793330
S.D. Tex. Bar No. 19455
3700 Buffalo Speedway, Suite 1150
Houston, Texas 77098
713-526-0200 (tel)
832-615-2665 (fax)
*Attorney-in-Charge for Defendant Abundant Life Therapeutic Services Texas, LLC*

Kathryn E. Nelson (knelson@bergplummer.com)
BERG PLUMMER JOHNSON & RAVAL, LLP
Texas Bar No. 24037166
S.D. Tex. Bar No. 36108
3700 Buffalo Speedway, Suite 1150
Houston, Texas 77098
713-526-0200 (tel)

832-615-2665 (fax)  
*Of Counsel*

## **CERTIFICATE OF SERVICE**

  I certify that on March 5, 2019, a true and correct copy of the foregoing instrument was served on all counsel of record through the CM/ECF system.

  */s/Geoffrey Berg*  
Geoffrey Berg