IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and <br> THE STATE OF TEXAS, *ex rel.* <br> THOMAS HEADEN III, <br> <br>     Plaintiffs, <br> <br> v. <br> <br> ABUNDANT LIFE THERAPEUTIC <br> SERVICES TEXAS, LLC and <br> JOHN DOES (1–50) INCLUSIVE, <br> <br>     Defendants. | § § § § § § § § § § § § § § | Civil Action No. 4:18-cv-00773 <br> JURY DEMANDED |

**DEFENDANT ABUNDANT LIFE THERAPEUTIC SERVICES TEXAS, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Abundant Life briefly replies to Headen's Response to its Motion to his Dismiss Second Amended Complaint ("SAC") as follows:[1]

Taking issue with Abundant Life's briefing, Headen argues on page 5 of the response that the motion to dismiss should be denied because Abundant Life's reliance on 42 U.S.C. § 1320a–7b is misplaced. In his words, the AKS contains "no limitation whereby *such person* who has been induced has to be the same person making the referral." Resp. at 5. But the language on which Abundant Life relies comes directly from the statute itself:

> Whoever knowingly and willfully offers or pays any remuneration (including any kickback, bribe, or rebate) directly or indirectly, overtly or covertly, in cash or in kind to any person to induce *such person* to refer an individual to a person for the furnishing or arranging for the furnishing of any item or service for which payment

---

[1] Headen egregiously mischaracterizes Abundant Life's briefing throughout the response. As with Headen's response to Abundant Life's second motion to dismiss (Docket No. 14), the mischaracterizations are so pervasive that in an effort to be succinct, Abundant Life has chosen to focus only on the two issues addressed here.

may be made in whole or in part under a Federal health care program . . . shall be guilty of a felony . . . .

42 U.S.C. § 1320a–7b(b)(2) (emphasis added). Headen's argument is without merit.

Finally, the response does not rely on or cite to any particular portion of the SAC. Instead, Headen simply asserts that the SAC alleges facts that are, in fact, not found anywhere in it. *See* Resp. at 5–6.

Relator has had three opportunities to plead with the specificity required by Rules 12(b)6 and 9(b). He is unable to do so. The Second Amended Complaint should be dismissed with prejudice. A proposed order has previously been submitted.

Respectfully submitted,

By: /s/ *Geoffrey Berg*
Geoffrey Berg (gberg@bergplummer.com)
BERG PLUMMER JOHNSON & RAVAL, LLP
Texas Bar No. 00793330
S.D. Tex. Bar No. 19455
3700 Buffalo Speedway, Suite 1150
Houston, Texas 77098
713-526-0200 (tel)
832-615-2665 (fax)
*Attorney-in-Charge for Defendant Abundant Life Therapeutic Services Texas, LLC*

Kathryn E. Nelson (knelson@bergplummer.com)
BERG PLUMMER JOHNSON & RAVAL, LLP
Texas Bar No. 24037166
S.D. Tex. Bar No. 36108
3700 Buffalo Speedway, Suite 1150
Houston, Texas 77098
713-526-0200 (tel)
832-615-2665 (fax)
*Of Counsel*

## CERTIFICATE OF SERVICE

  I certify that on March 6, 2019, a true and correct copy of the foregoing instrument was served on all counsel of record through the CM/ECF system.

              */s/Geoffrey Berg*
              Geoffrey Berg